IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LOUIS STILES,

Plaintiff,

v.

FRITO-LAY, INC.,

Defendant.

OPINION and ORDER

26-cv-805-jdp

Defendant Frito-Lay, Inc. moves to set aside the clerk of court's entry of default in this case for disability discrimination. Dkt. 8. Frito-Lay explains that its legal team was not aware of the lawsuit because of a series of administrative errors that occurred after the complaint was served.

A party seeking to set aside a default must show good cause, timely action to correct the default, and a potentially meritorious defense. *See Sun v. Board of Trustees of University of Illinois*, 473 F.3d 799, 810 (7th Cir. 2007). Frito-Lay has met this standard. As for good cause, defendant's situation is similar to the one in *Parker v. Scheck Mechanical Corp.*, in which the court concluded that it was appropriate to vacate entry of default when there was "a mistake in processing the documents with [the defendant's] insurer." 772 F.3d 502, 505 (7th Cir. 2014). The other requirements are also met: Frito-Lay moved promptly to set aside the default after receiving notice, and Frito-Lay has identified potential meritorious defenses to the claims.

So the motion to set aside the default, Dkt. 8, is GRANTED, and Frito-Lay is directed to file its proposed answer as a separate docket entry. Once it does that, the clerk of court is directed to set this case for a preliminary pretrial conference with Magistrate Judge Boor.

Entered October 9, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge